**ORIGINAL**

In the United States Court of Federal Claims

No. 15-464C
(Filed: September 15, 2015)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
```
                                          *
STEWART DAVID WIGDOR,                     *
                                          *
                                          *                    FILED
        Plaintiff,                        *
                                          *                  SEP 1 5 2015
        v.                                *
                                          *                  U.S. COURT OF
THE UNITED STATES,                        *                 FEDERAL CLAIMS
                                          *
        Defendant.                        *
                                          *
```
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

---

### ORDER OF DISMISSAL

---

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background

Plaintiff pro se Stewart David Wigdor requests that this Court "instruct the United States of America to make accurate the value of American currency to rescue the homeless." Compl. ¶ 1. Plaintiff "does not seek money for himself," but rather requests that this Court "take certificate[s] of deposit out of banks" in order to combat homelessness. Id. at ¶ 8.

### Discussion

Plaintiff must first establish subject-matter jurisdiction before the Court may proceed to the merits of the action. See Hardie v. United States, 367 F.3d 1288, 1290 (Fed. Cir. 2004). The Court must dismiss the action if subject-matter jurisdiction is found to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the Complaint in a manner most favorable to the plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006). However, the Court has "no duty to create a claim where a pro se plaintiff's complaint is so vague or confusing that one cannot be determined." Fullard v. United States, 78 Fed. Cl. 294, 299 (2007).

The pleadings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (internal citation and quotation marks omitted). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction, and must do so by a preponderance of the evidence. See Myers Investigative & Sec. Servs., Inc. v. United States, 275 F.3d 1366, 1369 (Fed. Cir. 2002); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The jurisdiction of this Court is limited. The Tucker Act, 28 U.S.C. § 1491(a)(1), provides that this Court:

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act is a jurisdictional statute, and does not create a substantive right to money damages against the United States. United States v. Testan, 424 U.S. 392, 398 (1976). A plaintiff "must identify a separate source of substantive law that creates the right to money damages." Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) (internal citation and quotation marks omitted). The substantive right to money damages must extend from the Constitutional provision, statute, or regulation giving rise to the claim. See United States v. Mitchell, 463 U.S. 206, 216-17 (1983) ("[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" (quoting Testan, 424 U.S. at 400)).

Plaintiff does not identify any source of substantive law that gives rise to money damages, nor does he allege any express or implied contract with the United States that would give rise to his claim. Additionally, in his reply, Plaintiff states "I cannot seek money from my Country in this complaint. Thus I agree with the dismissal." Pl.'s Reply.

To the extent that Plaintiff's claim can be construed as one for equitable relief, this too must fail, as this Court cannot grant equitable relief except under very narrow circumstances. See Massie v. United States, 226 F.3d 1318, 1321 (Fed. Cir. 2000) (internal citations omitted) ("Except in strictly limited circumstances . . . there is no provision in the Tucker Act authorizing the Court of Federal Claims to order equitable relief."). Equitable relief is available only as "an incident of and collateral to" a money judgment, in some tax cases, in "nonmonetary disputes" arising under the Contract Disputes Act, and in bid protests. See James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998) (internal citation and quotation marks omitted); Eco Tour Adventures, Inc. v. United States, 114 Fed. Cl. 6, 40 (2013) (internal citations and quotation marks omitted). Because Plaintiff has not alleged any of these types of claims, this Court cannot grant equitable relief.

## Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

_Mary Ellen Coster Williams_
MARY ELLEN COSTER WILLIAMS
Judge